Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (VI)

| JOSÉ RAFAEL ARRIETA IGARTÚA<br><br>Recurridos<br><br>v.<br><br>ASOCIACIÓN RESIDENTES DE ESTANCIAS DE CIDRA, INC., Y OTROS<br><br>Peticionarios | KLCE202500544 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso núm.: CG2020CV01197 (701)<br><br>Sobre: Daños y otros |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparecen ante este tribunal apelativo, la Sra. María Montalvo Padilla (señora Montalvo Padilla o peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 8 de abril de 2025, notificada al día siguiente. Mediante este dictamen, el foro primario determinó que la peticionaria presentó, tardíamente, la solicitud de sentencia sumaria y, a su vez; decretó que el petitorio contiene las mismas alegaciones que fueron resueltas en la Resolución del 2 de febrero de 2024.

Por los fundamentos que expondremos a continuación, determinamos expedir el auto de *certiorari* solicitado y revocar el dictamen recurrido.

### I.

El 11 de junio de 2020, el Sr. Ángel Rafael Arrieta Igartúa (señor Arrieta Igartúa o recurrido) instó una demanda sobre interdicto preliminar y permanente, daños y perjuicios, y violación

a condiciones restrictivas en contra de, entre otros, la Asociación de Residentes de Estancias de Cidra, Inc. (Asociación de Residentes); la Presidenta, Sra. Omayra Alvarado Cartagena (Presidenta) y la Sra. María Monserrate Montalvo Padilla, en calidad de Secretaria de la Junta de Directores (la señora Montalvo Padilla o la peticionaria). Entre las alegaciones relativas a la peticionaria alegó que: esta y la Presidenta han convertido la Asociación de Residentes en un instrumento a su favor, utilizando la misma para su conveniencia, beneficio y violando los derechos de los residentes; ella, la Presidenta y la Asociación de Residentes permitieron la construcción de un taller de mecánica perteneciente a la Presidenta; autorizaron se estableciera un acceso ilegal, más consintieron la ubicación de un negocio comercial de venta y reparación de botes en contra de los intereses de los titulares; la señora Montalvo Padilla y la Presidenta han secuestrado la Asociación de Residentes y es su *alter ego* e incumplen con el Reglamento, ni convocan elecciones; y la peticionaria, la Presidenta y la Asociación de Residentes, de manera unilateral y sin consentimiento, terminaron el servicio de Guardias de Seguridad lo que ha provocado robos dentro de la urbanización. Por lo que, entre otros remedios, suplicó al TPI que emita un interdicto preliminar para que se convoquen elecciones, se desista del uso de la entrada y las propiedades comerciales, y $30,000 como compensación por daños y perjuicios sufridos por los incumplimientos.

El 20 de julio de 2020, la Asociación de Residentes presentó su *Contestación a Demanda* negando la mayoría de las alegaciones. En especial, reafirmó que las codemandadas, señora Montalvo Padilla y la Presidenta, fueron debidamente elegidas en asamblea y que se han celebrado reuniones, excepto en el 2019, por motivo de los terremotos y el COVID. Especificó que la peticionaria no estaba casada. Incluyó, además, una reconvención en contra del recurrido

en la que arguyó que este opera un negocio en la urbanización en contra del Reglamento y la Escritura Matriz, más tiene una estructura en su propiedad que excede lo establecido en la referida escritura y se desconoce si está legalmente construida. Por lo que se solicitó una indemnización por enriquecimiento injusto por $300,000; así como $100,000 por daños ocasionados a los residentes.

Así las cosas, surge del expediente apelativo, que el foro recurrido celebró vistas de *Conferencia Inicial* el 5 de abril y el 8 de de 2021, la *Vista sobre el Estado de los Procedimientos* el 5 de marzo de 2024, y la *Conferencia con Antelación a Juicio* el 8 de abril de 2025.

En la última fecha, 8 de abril, la señora Montalvo Padilla presentó una *Moción en Solicitud de Sentencia Sumaria* en la que propuso diecisiete (17) hechos que, a su entender, no están en controversia y permiten resolver el caso sumariamente.[1] Como anejos al petitorio incluyó los siguientes: Declaración Jurada suscrita por la Sra. María Montalvo; Resolución emitida por el TPI el 2 de febrero de 2024; Sentencias Parciales del 8 de marzo, 25 de julio y 7 de octubre de 2024; Demanda; Descripción de las funciones de la Secretaria; Minutas de asambleas y reuniones; comunicaciones emitidas por el Presidente de la Junta de Residentes; facturas de servicio de Guardia de Seguridad y Deposición tomada al recurrido, a la pág. 158.

Notamos que, de la *Minuta* de la *Conferencia con Antelación a Juicio* llevada a cabo en dicha fecha, surge que el TPI expresó, respecto a la Moción de Sentencia Sumaria, que "en vista de que fue presentada fuera de[l] término de los treinta (30) días, luego de

---

[1] Véase, el Apéndice del Recurso, a las págs. 28- 31.

concluir el descubrimiento de prueba, no la puede dar por sometida y emitirá Resolución a tales fines."[2]

El mismo día, 8 de abril de 2025, el TPI emitió la *Orden* recurrida en la que determinó que la peticionaria presentó la solicitud de sentencia sumaria, en exceso del término de treinta (30) días, luego de culminado el descubrimiento de prueba según dispone la Regla 36.2 de las de Procedimiento Civil, *infra.* Asimismo, determinó que la petición contiene las mismas alegaciones que fueron resueltas en la Resolución del 2 de febrero de 2024.

Inconforme, la señora Montalvo Padilla incoó una reconsideración indicando que del expediente judicial no surge que el foro de instancia haya dado por culminado el descubrimiento de prueba "en ninguna de sus órdenes, inclusive no lo discutió durante el informe de conferencia con antelación al juicio, quedando sin dicha determinación la vista de conferencia."[3] Por lo que no ha realizado determinación alguna de que el descubrimiento de prueba ha culminado. Añadió que no le asiste la razón al foro *a quo,* al haber dictaminado que las alegaciones del pedido desestimatorio sumario son las mismas ya resueltas. Esto, debido a que las alegaciones anteriores estaban dirigidas contra la Asociación y, en esta moción de sentencia sumaria son las relacionadas en la demanda contra la señora Montalvo Padilla de las que el TPI no ha realizado determinación alguna.

El 21 de abril de 2025, el foro primario declaró *No Ha Lugar* a la moción de reconsideración. En la *Orden* expresó que "Para la celebración de la Conferencia con Antelación a Juicio, el descubrimiento de prueba tiene [que] haber finalizado."[4] Dicha Orden se notificó ese mismo día.

---

[2] *Íd.*, a la pág. 24.
[3] *Íd.*, a la pág. 116.
[4] *Íd.*, a la pág. 117.

Todavía en desacuerdo, la peticionaria acude ante esta *Curia* mediante le recurso de epígrafe imputándole al foro recurrido haber incurrido en el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU [DISCRECIÓN] AL DECLARAR NO HA LUGAR LA MOCIÓN DE SENTENCIA SUMARIA.

El 22 de mayo de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término de diez (10) para expresarse. El 9 de junio siguiente se cumplió lo ordenado, por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.[5]

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

### Auto de *Certiorari*

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*. La referida norma dispone como sigue:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de

---

[5] El 27 de mayo de 2025 la parte peticionaria presentó una *Moción Informativa* de la que nos damos por enterados.

Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando **se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.** Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, supra. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantea en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para establecer si debemos expedir un auto de *certiorari* hay que determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra.*

Por último, destacamos que, el ejercicio de las facultades de los tribunales de primera instancia, merecen nuestra deferencia, por

tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera y otros v. Bco Popular*, 152 DPR 140, 154 (2000).

Así, pues, para determinar si debemos expedir un auto de *certiorari* hay que determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra*. Sin embargo, aun cuando el asunto esté contemplado por dicha regla, para determinar si procede la expedición de un recurso y poder ejercer sabiamente nuestra facultad discrecional, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen

que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, a las págs. 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, a la pág. 523 (2006); *Rivera y otros v. Bco Popular*, supra, a la pág.155 (2000).

**Mecanismo de Sentencia Sumaria**

En nuestro ordenamiento jurídico, el mecanismo de la sentencia sumaria está gobernado por la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36, la cual autoriza a los tribunales a dictar sentencia de forma sumaria si, mediante declaraciones juradas u otro tipo de prueba, se demuestra la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. *Soto y otros v. Sky Caterers*, 2025 TSPR 3, 215 DPR ___ (2025); *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024) Específicamente, la Regla 36.1, 32 LPRA Ap. V, R. 36.1, atiende la solicitud de este tipo de disposición a favor de la parte reclamante en un pleito, mientras que la Regla 36.2, 32 LPRA Ap. V, R. 36.2, permite su petición a favor de la parte contra la que se reclama. En ambas reglas se establece lo siguiente:

> **Regla 36.1. A favor de la parte reclamante**
>
> Una parte que solicite un remedio podrá, en cualquier momento después de haber transcurrido veinte (20) días a partir de la fecha en que se emplaza a la parte demandada, o después que la parte contraria le haya notificado una moción de sentencia sumaria, **pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba**, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una

> controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada. (Énfasis nuestro)

> **Regla 36.2. A favor de la parte contra quien se reclama**

> Una parte contra la cual se haya formulado una reclamación podrá, a partir de la fecha en que fue emplazada **pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba** presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. (Énfasis nuestro)

Nos señala el tratadista Cuevas Segarra que no hay duda de que el TPI tiene autoridad para fijar el término para instar las mociones dispositivas, conforme la Regla 37.2 (i), el que, **en todo caso no podrá ser más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba**. Añade que este plazo es uno de cumplimiento estricto, según la Regla 37.3 (c) el que pudiera ser prorrogado por justa causa a tenor de la Regla 37.7, ya que no es jurisdiccional y constituye más bien un mecanismo adicional para el control y manejo del caso por el juzgador. Indica, además, que el tribunal tiene amplia discreción para decidir si la moción ha sido oportunamente presentada. Dr. José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. Ed., Publicaciones JTS, Tomo III, 2011, a la pág. 1044.

Entretanto, la Regla 36.3, 32 LPRA Ap. V, R. 36.3, dispone los requisitos de contenido de la moción de sentencia sumaria y de la contestación a esta, entre otras particularidades del procedimiento. Estos requisitos, como los párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, no son un mero formalismo, ni constituye un simple requisito mecánico sin sentido. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).

Por su parte, la función de un tribunal apelativo en la revisión de controversias requiere que se determine si la actuación del TPI constituyó un abuso de discreción en la conducción de los procedimientos ante sí. Al realizar tan delicada función, esta *Curia* no debe intervenir con el ejercicio de las facultades discrecionales del Tribunal de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, que el tribunal actuó con prejuicio o parcialidad o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo y que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Job Connection Center v. Sups. Econo*, 185 DPR 585, 602 (2012); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 754 (1986).

Como sabemos, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad." *SLG Zapata-Rivera v. J.F. Montalvo*, supra, a las págs. 434-435 (2013). Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, supra, a la pág. 155. Es por lo que, nuestro más alto foro ha definido la *discreción* como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Pueblo v. Rivera Montalvo*, supra, citando a *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Citibank et al. v. ACBI et al.*, supra, citando a *SLG Zapata-Rivera v.*

*J.F. Montalvo,* supra, pág. 435; *HIETel v. PRTC,* 182 DPR 451, 459 (2011); *Santa Aponte v. Srio. del Senado,* 105 DPR 750, 770 (1977). Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del derecho." *SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 435, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 658 (1997); *HIETel v. PRTC,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* supra.

### III.

En esencia, la peticionaria señaló que erró el TPI al denegar la moción se sentencia sumaria fundamentado en que se presentó tardíamente.

De entrada, advertimos que la controversia aquí planteada está incluida en las instancias que esta *Curia* puede atender de conformidad a la Regla 52.1 de las de Procedimiento Civil, *supra,* y analizada al palio de los criterios de nuestra Regla 40, determinamos expedir el recurso solicitado por ser el momento más propicio para atenderla.

De la lectura minuciosa de la *Minutas* de las vistas de *Conferencia Inicial,* la *Vista sobre el Estado de los Procedimientos* y de la *Conferencia con Antelación a Juicio,* celebradas el 5 de abril y el 8 junio de 2021, el 5 de marzo de 2024, y el 8 de abril de 2025, respectivamente, no encontramos que el TPI **haya establecido una fecha límite para concluir el descubrimiento de prueba**. En este punto, precisa indicar que en la *Conferencia Inicial,* llevada a cabo el 8 de junio de 2021, el tribunal concedió a las partes hasta el 2 de agosto de 2021 para presentar la prueba testifical y documental que sustenten sus argumentos.

No obstante, en la *Vista sobre el Estado de los Procedimientos,* celebrada el 5 de marzo de 2024, el foro *a quo* expresó que, una vez resuelva la moción de desestimación instada por el Municipio de Cidra, **concederá tiempo para realizar el descubrimiento de**

**prueba**.[6] Asimismo, de la *Minuta* surge que la parte demandante (recurrido) mencionó que "se percató que hay un descubrimiento de prueba que debería estar bastante adelantado, aún no tiene el expediente del descubrimiento de prueba, pregunta si le debe algún mecanismo de descubrimiento de prueba que le informe y si está pendiente de contestar algún descubrimiento de prueba le informen."[7]

A base de lo anterior, no podemos inferir que, en dicha vista, el TPI decretara de manera diáfana una **fecha límite para concluir el descubrimiento de prueba**. Más bien, de las referidas expresiones surge que el descubrimiento de prueba no estaba finalizado. Asimismo, apuntalamos que el recurrido, en su escrito en oposición, no especificó una **fecha límite exacta establecida por el foro de instancia para concluir el descubrimiento de prueba**. Este nos invita a que entendamos que el 5 de marzo de 2024, última fecha en que las partes hablaron del descubrimiento de prueba y calendarizaron el resto del manejo del caso, equivale al cumplimiento del TPI con lo dispuesto en la Regla 36.2 de las de Procedimiento Civil, antes citada. Rechazamos esta interpretación por no ajustarse a la norma previamente discutida.

De otro lado, se hace importante destacar que, en la referida *Vista sobre el Estado de los Procedimientos,* el TPI dispuso que el *Informe de Conferencia con Antelación a Juicio* debía ser presentado el 25 de septiembre de 2024. Sin embargo, este fue presentado el 16 de enero de 2025 (Entrada núm. 421 del SUMAC). Es en la Parte IX. MECANISMO DE DESCUBRIMIENTO DE PRUEBA del documento que las partes dieron por terminado el descubrimiento de prueba. Sobre este particular, mencionamos que no surge del expediente, ni

---

[6] Véase, Apéndice del Recurso, a la pág. 17.
[7] *Íd.*

de SUMAC, que el foro recurrido haya emitido un dictamen posterior donde claramente decretara el fin del descubrimiento de prueba.

Agregamos que, de la Minuta de la *Conferencia con Antelación a Juicio* celebrada el 8 de junio de 2025, surge que el foro primario al discutir el *Informe de Conferencia con Antelación a Juicio*, y en especial, al referirse a la prueba documental de la parte demandante (recurrido), concedió término para que se presentase cierta información y se demostrara que se le cursó a las demás partes **dentro del término para el descubrimiento de prueba**. Sin embargo, reiteramos que del expediente judicial no surge la **fecha límite exacta establecida para concluir el descubrimiento de prueba.**

De otra parte, no podemos obviar que el señor Arrieta Igartúa, en la *Moción en Solicitud de Reconsideración*, le planteó al TPI que "en ninguna de sus órdenes, inclusive no lo discutió durante el informe de conferencia con antelación al juicio, quedando sin dicha determinación la vista de conferencia".[8] A lo que el foro primario replicó que "[p]ara la celebración de la Conferencia con Antelación a Juicio, el descubrimiento de prueba tiene [que] haber finalizado".[9]

El Tribunal Supremo ha reiterado que los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022). De igual forma, en *Rivera Gomez v. Arcos Dorados Puerto Rico, Inc.*, supra, el más alto foro expresó:

> Por otro lado, respecto al término para la utilización de los medios de descubrimiento de prueba, el profesor Hernández Colón señala lo siguiente:
>
> **El término límite para utilizar los medios de descubrimiento de prueba se determinará en la orden de calendarización que el juez tenga a bien**

---

[8] Apéndice del Recurso, a la pág. 117.
[9] *Íd.*

> **adoptar conforme con la complejidad de las controversias y la cantidad de partes involucradas en el pleito.** Una vez las partes sometan el *Informe para el Manejo del Caso* que exige la R. 37.1, 2009, en donde detallarán toda la información y la prueba que hayan intercambiado; especificarán la que falta por intercambiar y el calendario para la utilización de los mecanismos de descubrimiento, **el juez podrá emitir una orden de calendarización en la que calendarice el descubrimiento de prueba acordado entre las partes o determinado en la Conferencia Inicial y precise el término para concluir con la etapa del descubrimiento de prueba**. (Negrilla suplida). Hernández Colón, *op. cit.*, pág. 335.

Al tenor de la referida normativa, recalcamos que el expediente judicial carece de una orden de calendarización en la que el TPI finalice el descubrimiento de prueba, acordado entre las partes o determinado en la Conferencia Inicial, y **precise el término para concluir con la etapa del descubrimiento de prueba**. Máxime, de la normativa estudiada no surge un principio en derecho que fundamente lo dictaminado por el TPI referente a que "[p]ara la celebración de la Conferencia con Antelación a Juicio, el descubrimiento de prueba tiene [que] haber finalizado". Esto, en especial, como hemos expresado reiteradamente cuando no se haya emitido una orden de calendarización en la que el tribunal **precise el término para concluir con la etapa del descubrimiento de prueba.**

Por otro lado, el tratadista Cuevas Segarra, menciona que el *Informe de Conferencia con Antelación a Juicio* no constituye una camisa de fuerza que elimine la discreción de los jueces para alterarlo en aras de evitar una patente justicia (citando a *Berríos Falcón v. Torres Merced*, 175 DPR 962 (2009)) *Tratado de Derecho Procesal Civil*, 2da. Ed., Publicaciones JTS, Tomo III, 2011, a la pág. 1116. Así también, Cuevas Segarra nos dice que, en esta conferencia, precisamente, se deben resolver las controversias pendientes, incluyendo, mociones de sentencia sumaria. *Íd.*, a la pág. 1115.

En fin, el tribunal de primera instancia abusó de su discreción al negarse a atender en los méritos la *Moción en Solicitud de Sentencia Sumaria* presentada por el peticionario. Por lo que, ordenamos que proceda a considerarla, a tenor con la normativa aplicable al estudio de una solicitud de esta naturaleza.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y revocamos la *Orden* recurrida. En consecuencia, ordenamos al TPI a atender en los méritos la *Moción en Solicitud de Sentencia Sumaria* presentada por el señor Arrieta Igartúa.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones